■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McLEAN, Appellant. [619 NYS2d 554] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered June 15, 1992, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to consecutive terms of 25 years to life and 5 to 15 years, respectively, for the murder and attempted murder convictions, to run concurrently with terms of 5 to 15 years, 5 to 15 years, and 2⅓ to 7 years, respectively, for the remaining convictions, unanimously affirmed.

Defendant, attempting to exert control over a marijuana selling location, walked up to unarmed competitors and shot one in the head, and in the back as he tried to flee, and then shot the other in the shoulder as he fled.

Defendant failed to preserve his challenge to introduction into evidence of a victim's testimony concerning defendant's prior threat to shoot the victims if they sold marijuana in the vicinity *(People v Fleming,* 70 NY2d 947), and we decline to review it in the interest of justice. Further, since defendant never requested a limiting instruction, nor objected to the lack of one, with respect to this evidence, that claim also is unpreserved for review *(People v Leisner,* 73 NY2d 140, 147). However, if we were to review the issues we would find them to be without merit as same were probative of defendant's conduct herein.

Defendant failed to preserve any claim that the court's adverse inference instruction was an inappropriate remedy for the inadvertent loss of the officer's memo book, nor did he preserve any challenge to the instruction as given *(People ·v Rogelio,* 79 NY2d 843), and we decline to review it in the interest of justice. On the merits we find the adverse inference charge was appropriate and adequate, and well within the court's discretion.

Finally, we find no abuse of discretion by the sentencing court in imposing the subject terms of incarceration. Concur— Wallach, J. P., Ross, Rubin, Nardelli and Tom, JJ.